

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,735-02

### EX PARTE CHARLES DEVON WASSERMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-10-11,721-A IN THE 24TH DISTRICT COURT FROM DEWITT COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated sexual assault of a child and sentenced to ninety-nine years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Wasserman v. State*, 13-13-00144-CR (Tex. App.—Corpus Christi-Edinburgh Aug. 14, 2014)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective by failing to consult and hire an expert witness, failing to effectively cross-examine witnesses, failing to call favorable witnesses, and failing to properly investigate the case and the complainant's medical records. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v.*

*Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). Trial counsel has already submitted an affidavit and testified in a habeas hearing held on March 4, 2022. If the trial court believes further information or testimony would assist in the making of his findings of fact, the trial court may obtain a supplemental affidavit or hold an additional hearing.

The trial court shall make findings of fact and conclusions of law as to whether, considering the totality of the circumstances, the common-law doctrine of laches bars equitable relief in this case. *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court shall also make findings of fact and conclusions of law as to whether, in light of the totality of the evidence presented at trial, trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 20, 2022
Do not publish